

Morvillo LLP
43rd Floor
500 5th Avenue
New York, NY 10110
(212) 796-6330

1101 17th Street, NW
Suite 705
Washington, DC 20036
(202) 470-0330

www.morvillolaw.com

STUART F. PIERSON
(202) 803-5852
spierson@morvillolaw.com

May 19, 2017

Hon. Magistrate Judge Therese Wiley Dancks
United States District Court for the
    Northern District of New York
James Hanley Federal Building
100 South Clinton Street
Syracuse, NY  13261
By E-Filing

       Re: <u>COR Development Compay, LLC v. Howe; Civil Action No. 5:16-cv-1099:
       Defendant Howe's Letter Motion to Compel Responses to Written Discovery</u>

Dear Magistrate Judge Dancks,

    Pursuant to the Court's scheduling order, counsel for defendant Todd R. Howe submits the following letter motion to compel substantive responses to his written discovery to plaintiff COR Development Company, LLC ("COR").

**Summary**

    The decisive question in this case is why would a Syracuse construction company make an $85,000 unsecured, personal loan to a lobbyist in Washington, D.C., and then forgive it a year later.  The answer is simple: COR and Mr. Howe were engaged in a long-term relationship in which he continually helped COR and its executives rig multi-million dollar State-funded contracts in exchange for more than $500,000 in bonus payments to Mr. Howe and bribes to State officials.

    COR's responses to Mr. Howe's discovery requests seek to confine this case only to documentation of the loan and its efforts to collect.  Yet COR has admitted the relevance of its six-year relationship with Mr. Howe by producing, as support for its claim, engagement letters with Mr. Howe dating back to 2010 – letters which define a relationship that has been charged as a criminal conspiracy in the Southern District of New York.

Accordingly, we respectfully request an order requiring COR to respond substantively to Mr. Howe's discovery requests attached hereto and described below.

**The Claims and Defenses in this Case**

COR initiated this action to collect on an unsecured personal note for $85,000, made to Mr. Howe in December 2015, and allegedly due, by extension, June 30, 2016.  COR alleges that Mr. Howe failed to pay the note when due.  Mr. Howe has defended, *inter alia,* on grounds of accord and satisfaction, waiver, and illegality.

**COR's Mandatory Disclosures**

In its mandatory disclosures under F.R.C.P. Rule 26(a)(1)(A)(ii), COR submitted, as documents "in its possession, custody, or control [that it] may use to support its claims," four engagement letters with Mr. Howe's consulting firm, WOHGS, covering the period November 2010 – February 2017.  (Ex. 1 hereto)  Those engagement letters, signed by COR's chief executive, Steven F. Aiello, and Mr. Howe, specify the following subject matter and payments:

> *November 19, 2010 Engagement Letter*
>
>> Subject Matter:
>> . . . as a consultant to focus on various projects, including but not limited to the Inner Harbor, Syracuse, NY and Kennedy Square in Syracuse, NY. In addition, we [Howe and WOHGS] will help identify potential business opportunities in the upstate and central New York Region.  WHO-GS will further assist in identifying and assist in the application for funding for such projects, including on the federal, state and local levels.
>>
>> Payment
>
> Pay is set at $6,500 per month plus expenses.
>
> *February 7, 2011 Engagement Letter*
>
>> Subject Matter:
>> . . . as a consultant to focus on various projects, including but not limited to the Chandler, Arizona Housing Development.  WHO-GS will further assist in identifying and assist in the application for funding for such projects, including on the federal, state and local levels.
>>
>> Payment
>
> Pay is set at $7,500 per month, plus expenses.

> *March 14, 2016 Engagement Letters*
>
>> Subject Matter/ Inner Harbor development:
>> . . . as a consultant to help identify potential business opportunities and long-term strategic business development planning strategies for various

2

projects, including but not limited to the Inner Harbor development.

Payment
Pay is set at $6,500 per month, plus expenses.

Subject Matter/ Kennedy Square/Loguen's Crossing development:
. . . as a consultant to help identify potential business opportunities and long-term strategic business development planning strategies for various projects, including but not limited to the Kennedy Square/Loguen's Crossing development.

Payment
Pay is set at $7,250 per month, plus expenses.

**United States v. Percoco, Aiello, Gerardi, et al.**

On September 22, 2016, Steven F. Aiello, president of COR, and Joseph Gerardi, COR General Counsel, were arrested on a criminal complaint filed in the Southern District of New York on September 20, 2016. (Ex. 2 hereto) On November 22, 2016, an indictment was issued in the case. (Ex. 3 hereto) The criminal charges issued against Messrs. Aiello and Gerardi, acting in their executive capacities for COR may be summarized as follows:

*Criminal Complaint Section IVB: The Buffalo Billion Fraud and Bribery Scheme*
- ¶71 alleges that:
    - Messrs. Aiello and Gerardi caused the Syracuse Developer [COR] to hire Howe as a consultant, knowing he was acting as an agent of CNSE;[1]
    - Mr. Aiello, on behalf of COR, entered into consulting agreements with Howe in 2011, at $6,500 and $7,500/month;
    - COR paid Howe bonuses of $385,000 and $250,000.

- ¶73 alleges that:
    - COR made large political contributions which increased substantially when its executives, including Messrs. Aiello and Gerardi, began seeking state project funding.

- ¶78 alleges that:
    - Messrs. Aiello and Gerardi acted with Howe to draft an RFP for a New York State project for which the state entity would have no choice but to choose COR.

*The Indictment:*
- In paragraph 1, the indictment charges:

    Messrs. Aiello and Gerardi were part of "two wide-ranging and overlapping criminal schemes involving bribery, corruption, and fraud in

---

[1] CNSE is New York State University, College of Nanoscale Science and Engineering. Criminal Complaint, ¶25.

3

> the award of millions of dollars in New York State (the "State") contracts and other official benefits.  The first scheme concerned the payment of hundreds of thousands of dollars as directed by Steven Aiello, Joseph Gerardi, . . ., to Todd Howe . . . .  In exchange, Howe worked with . . . , the defendant, who was head of SUNY Poly, to secretly rig the bidding process for State contracts worth hundreds of millions of dollars in favor of companies managed by Aiello, Gerardi, . . . .

- Paragraphs 10-12, describe Messrs. Aiello and Gerardi, as chief executive, general counsel, and founders of the "Syracuse Developer," which is COR.

- Counts One and Two charge that Messrs. Aiello and Gerardi engaged in a wire fraud conspiracy with Todd Howe and others to defraud a State agency by secretly tailoring RFPs to favor the company they controlled, COR.  Count Three charges that Messrs. Aiello and Gerardi gave bribes to Todd Howe in exchange for and to influence the official action of a representative of SUNY Poly.  Count Nine charges Messrs. Aiello and Gerardi of engaging with Todd Howe in honest-services fraud.  Count Thirteen charges Messrs. Aiello and Gerardi with paying bribes to Joseph Percoco.  Count Fourteen charges Messrs. Aiello and Gerardi with making false statements to the United States government.

**COR's Refusal to Provide Responses to Proper Discovery Requests**

In January 2017, pursuant to the Court's schedule, counsel for Mr. Howe propounded interrogatories and requests for production of documents to COR.  COR's response included many refusals to respond on grounds of irrelevance or vagueness.  (Defendant's Interrogatories and Response, Exhibit 4; Defendant's Production Request and Response, Exhibit 5, hereto)

*Discovery requests related to the long-term relationship between COR, Messrs. Aiello and Gerardi, and Mr. Howe*

Interrogatories

1. In response to Interrogatory 2, COR acknowledged just one meeting with Mr. Howe, "regarding the subject matter of this lawsuit."  There is no reference to any other meeting occurring during the six-year relationship between Mr. Howe and COR.

2. In response to Interrogatories 3-4, COR refused, on grounds of irrelevance and vagueness, to provide any information about any meeting with Alain Kaloyeros, the former head of SUNY Poly, or Joseph Percoco, another defendant in the criminal case.  Both were clearly identified in the preamble of Mr. Howe's Interrogatories.

Requests for Production

1. COR refused to provide discovery on grounds of relevance to requests directly relating to COR's engagement of Mr. Howe, and the charged criminal acts:

- Requests for Production 4-6 seek documentation of the payments to Mr. Howe, and the

4

services he performed, including action plans and business strategies.
- Requests for Production 11-12 seek documentation of communications with WOHGS and Mr. Howe. COR only designated documents relating to the loan.
- Requests 14-23 seek documentation concerning matters, people and locations defined in the Request preamble, who were involved in the services Mr. Howe provided COR as part of his engagement.

2. Despite clear definition of the names and terms in the preamble, COR refused to provide discovery on grounds of vagueness to requests 24-30, which directly relate to COR's engagement of Howe over six years, and to the charged criminal acts.

### COR's Discovery Refusals Fail to Meet Discovery Standards

Pursuant to the F.R.C.P. Rule 26(b)(1) discovery may be had of any matter, not privileged, which is relevant to a claim or defense.

1. As COR itself has defined the subject matter of this case, illustrated by its engagement letters with Mr. Howe that define their long-term relationship, information and documents relevant to that relationship are clearly discoverable, and must be produced in response to Mr. Howe's discovery requests. COR has not asserted any privilege that would allow it to withhold the requested material.

2. As Mr. Howe has asserted a defense of illegality, COR is required to produce in response to his discovery requests information and documents relevant to the criminal conspiracy of which he and the two COR executives are charged – a conspiracy which plainly includes the services for which COR and the defendants engaged him in writing for six years. COR has not asserted any privilege that would allow it to withhold the requested material.

/s/ Stuart F. Pierson
Richard J. Morvillo
Morvillo LLP
Suite 705
1101 17th Street N.W.
Washington, D.C. 20036
spierson@morvillolaw.com
202/803-5852
Counsel for Defendant Todd R. Howe
*Pro Hac Vice*

Cc by email (w/o exhibits):
Anthony Copani, Esq.
Scott Iseman, Esq.
Stephen Coffey, Esq.