**COR Development Company, LLC v. Howe**
**Civil Action No. 5:16-cv-1099**


**Defendant's Letter Motion to Compel**

**Exhibit 4**
**Howe Interrogatories[1]; COR Objections and Responses**

---

[1] Howe incorrectly designated Plaintiff in title.

# IN THE UNITED STATES DISRICT COURT
# FOR THE NORTHERN DISTRICT OF
# NEW YORK

COR DEVELOPMENT COMPANY, LLC,

    Plaintiff,

             v.

TODD R. HOWE,

    Defendant.

Civil Action No. 5:16-cv-1099
(TJM/TWD)

## PLAINTIFF HOWE'S FIRST INTERROGATORIES
## TO PLAINTIFF COR

To:  Counsel for Plaintiff COR Development Company, LLC
    Scott Iseman, Esq.
    O'Connell and Aronowitz
    54 State Street
    Albany, NY  12207
    siseman@oalaw.com

    Anthony Copani, Esq.
    Mannion Copani
    224 Harrison Street
    Suite 306
    Syracuse, NY 13202
    acopani@mannioncopani.com

Pursuant to Federal Rule of Civil Procedure 33, and procedures of this Court,

Defendant Todd R. Howe, by counsel, serves upon Plaintiff, COR Development Company,

LLC, the following interrogatories, each of which shall be answered in writing within 30

days of the service hereof.  A WORD copy of these requests is included for the respondent's

use.

## Instructions

1. Please restate each interrogatory before your response.

2. If you assert privilege as a ground for not fully responding to any interrogatory, please either: (a) provide a privilege log, or (b) describe the factual basis for your claim of privilege in sufficient detail to determine the validity of the privilege claimed, including a statement of the date of the document, the type of document (e.g., letter, memo, contract, email, text, spreadsheet), a relevant summary of its content, and any known author and recipient.

3. If the response to any request consists in whole or in part of an objection, please state the specific basis for the objection.

4. If you produce a document in lieu of an answer, please provide all such documents, including hardcopy, electronic and email documents in electronic format on CD or DVD. For all documents, please provide document-level searchable text, all fielded data, and meta-data in Concordance load file (DAT and OPT) accompanied by control-numbered, single page TIFF images representing each page of production.

5. These interrogatories cover the period January 1, 2011 to date.

## Definitions

1.     "Action" refers to this action.

2.     "Complaint" means the Complaint filed by COR.

3.     "Howe" means defendant Todd R. Howe.

4.     "COR" means plaintiff COR Development Company, LLC.

5.     "S. Aeillo" means Steven F. Aeillo, founder of COR.

6.     "Girardi" means Joseph Gerardi, General Counsel of COR.

7.     Percoco" means Joseph Percoco, formerly an assistant to New York Governor Andrew Cuomo.

8.     "WHO" means the Albany, NY law firm of Whiteman Osterman & Hannah, LLP.

9.     "WOHGS" means the government advisory firm associated with WHO and managed by Howe.

10.     "SUNY Poly" means SUNY Polytechnic Institute, the public institution of higher learning that is part of the New York State University system.

11.     "Fort Schuyler" means Fort Schuyler Management Corporation, an affiliate of SUNY Poly.

12.     "Kaloyeros" means Alain Kaloyeros, formerly associated with SUNY Poly.

13.     "Nano" means the SUNY Poly institution, the College of Nanoscale Science and Engineering, formerly directed by Kaloyeros.

14.     "Syracuse RFP" means the request for proposal or qualifications issued by Fort Schuyler for a strategic partner for a development project in Syracuse, NY, issued in 2013.

15.     "Communication" means transmission of any verbal, data, written, electronic, stored content, or material capable of expressing substantive information.

16.     "Document" means any handwritten, typewritten, printed, transcribed, transmitted, stored, digitized, electronically recorded, taped, graphic, machine readable, stored, or other material that conveys or represents information in any form or nature. "Document" includes without limitation any tangible, digitized or other electronic data or thing on which information is recorded by writing, graphics, sound, picture, electronics, or other

means, and any revisions of or notes on any of the foregoing and any supporting, underlying or preparatory material, irrespective of form. "Document" expressly includes any data or electronic material recording emails, texts or any other form of communication.

### Interrogatories

1. State the COR titles and responsibilities of the following persons:

   a. S. Aeillo

   b. Gerardi

   c. Shawn Groomes

2. State the date, time and place of all meetings between Howe and:

   a. S. Aeillo

   b. Gerardi

3. State the date, time and place of all meetings between S. Aeillo and:

   a. Kaloyeros

   b. Percoco

4. State the date, time and place of all meetings between Gerardi and:

   a. Kaloyeros

   b. Percoco

DATED this 16th day of December, 2016.

Respectfully submitted,

Richard J. Morvillo
NY Bar No.
Morvillo LLP
500 5th Avenue
43rd Floor

New York, NY 10110
DC Bar No. 219063
Suite 705
1101 17th Street NW
Washington, DC 20036
202/803-5858
F: 202/775-5937

Ellen Murphy
Richard J. Morvillo
NY Bar No.
Morvillo LLP
500 5th Avenue
43rd Floor
New York, NY 10110
212/796-6344
F: 212/379-2097


Stuart F. Pierson
NY Bar No. 1901388
DC Bar No. 56820
Suite 705
1101 17th Street NW
Washington, DC 20036
202/803-5852
F: 202/609-8044

# IN THE UNITED STATES DISRICT COURT
## FOR THE NORTHERN DISTRICT OF
## NEW YORK

COR DEVELOPMENT COMPANY, LLC,

      Plaintiff,

        v.

TODD R. HOWE,

      Defendant.

Civil Action No. 5:16-cv-1099
(TJM/TWD)

## AFFIDAVIT OF SERVICE

CITY OF WASHINGTON )
                  ) SS:
DISTRICT OF COLUMBIA)

Stuart F. Pierson, being duly sworn, deposes and says:

    I am over the age of 18, and not a party to this action.  I reside and practice law in the District of Columbia.  On December 16, 2016, I served a true and correct copy of the attached Requests for Production and Interrogatories propounded by defendant Todd R. Howe to plaintiff COR Development Company, LLC, by transmitting signed copies and WORD copies of the same on the following counsel for the plaintiff, by email.  The recipients have confirmed receipt of the same, which is also confirmed electronically.

1

Scott Iseman, Esq.
O'Connell and Aronowitz
54 State Street
Albany, NY  12207
siseman@oalaw.com

Anthony Caponi
Mannion Copani
224 Harrison Street
Suite 306
Syracuse, NY  13202
acopani@mannioncopani.com

_____
⌄ Stuart F. Pierson

Subscribed and sworn before me
This 16th day of December, 2016

_____
Notary Public of the District of Columbia

My commission expires: _____11/30/2020_____

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

COR DEVELOPMENT COMPANY, LLC,

*Plaintiff,*

-against-

TODD R. HOWE,

*Defendants.*

**PLAINTIFF'S RESPONSE
TO DEFENDANT'S FIRST
INTERROGATORIES**

**Civil Case No. 5:16-CV-1099
(TJM/TWD)**

Plaintiff, COR DEVELOPMENT COMPANY, LLC, by and through its attorneys, O'Connell and Aronowitz, P.C., responds to the Defendant TODD R. HOWE's First Set of Interrogatories to Plaintiff as follows:

### OBJECTIONS

A.     Plaintiff objects to all interrogatories to the extent they seek information or documents immune from disclosure under the attorney-client privilege, attorney work-product doctrine, or any other privilege, protection, or immunity as provided by law. If such information and/or documents are produced inadvertently despite the presence of a privilege, such production does not constitute a waiver of the aforementioned privileges.

B.     Plaintiff objects to all interrogatories to the extent that they are interpreted to seek disclosure of the opinions, mental impressions, conclusions and legal theories of Plaintiff, its counsel, or its other representatives, or that fall within the work-product doctrine. If such information and/or documents are inadvertently produced despite the presence of a privilege, such production does not constitute a waiver of the aforementioned privileges.

C.     Plaintiff objects to all interrogatories to the extent they are construed to seek information or documents that are not relevant to the subject matter of this litigation, are not

1

admissible in evidence, or are not reasonably calculated to lead to discovery of admissible evidence. To the extent that Plaintiff responds to such demands, it does not concede that the information or documents requested are relevant to this action and expressly reserves its rights to object to further discovery.

D.      Plaintiff objects to these interrogatories to the extent they seek to impose upon the Plaintiff any obligations that are beyond the scope of the Federal Rules of Civil Procedure.

E.      Plaintiff objects to all interrogatories seeking identification of "all", "every" or "any" facts, language, documents information or persons which may be related to a specific point or points, as being unduly burdensome and not within Plaintiff's practical capabilities. In each case, where some answer or production is provided, such answer or production is based upon all information obtained by a logically-directed, diligent and thorough search of Plaintiff's records.

F.      Plaintiff objects to all interrogatories as unduly burdensome and oppressive insofar as they seek information or documents not within their knowledge, documents already in the knowledge, possession, custody or control of the demanding party, or information or documents that are unreasonably cumulative or duplicative.

G.      Plaintiff objects to all interrogatories to the extent they are overly broad, unduly burdensome, oppressive or premature and thus, not susceptible to being answered at this time.

**Interrogatory 1.**      State the COR titles and responsibilities of the following persons.

a.      S. Aiello

b.      Gerardi

c.      Sean Grooms

**Answer Interrogatory 1.**      The titles and responsibilities for the following people are as follows:

2

a.    S. Aiello – President and General Manager. S. Aiello is responsible for developing new clients and business opportunities.

b.    Gerardi – Executive Vice President and Legal Counsel. Gerardi is responsible for contract and lease negotiations and obtaining all planning/development permits and approvals necessary for Plaintiff's projects.

c.    Sean Grooms – Chief Financial Officer (CFO). Sean Grooms is responsible for arranging and closing construction loans, permanent loans, letters of credit and lines of credit for COR's real estate portfolio. Mr. Grooms is also responsible for monitoring project loans, determining project feasibility, and conducting tenant financial reviews.

**Interrogatory 2.**    State the date time and place of all meetings between Howe and:

a.    S. Aiello

b.    Gerardi

**Answer Interrogatory 2.**    Plaintiff objects to this interrogatory as it is overly broad, vague and is unlikely to reveal any admissible or material evidence or information as "all meetings" between S. Aiello, Gerardi and the Defendant are not relevant to this action. Without waiving the above objections, but subject to them, Plaintiff answers Interrogatory 2 as follows:

a.    Upon information and belief, the date time and place of all meetings between Howe and S. Aiello regarding any issue related to the promissory note:

Howe met with S. Aiello and Gerardi in December 2015 at Plaintiff's offices in Fayetteville, New York. No other meetings took place between S. Aiello and Howe regarding the subject matter of this lawsuit.

b.    Upon information and belief, the date time and place of all meetings between Howe and Gerardi regarding any issue related to the promissory note:

3

Howe met with Gerardi and S. Aiello in December 2015 at Plaintiff's offices in Fayetteville, New York. No other meetings took place between Gerardi and Howe regarding the subject matter of this lawsuit.

**Interrogatory 3.**     State the date, time, and place of all meetings between S. Aiello and:

    a.    Kaloyeros

    b.    Percoco

**Answer Interrogatory 3.**     Plaintiff objects to this interrogatory as it is overly broad, vague and is unlikely to reveal any admissible or material evidence or information. There is no party or witness to this action who is named "Kaloyeros" or "Percoco" and as such, this interrogatory calls for wholly irrelevant and unrelated information.

**Interrogatory 4.**     State the date, time, and place of all meetings between Gerardi and:

    a.    Kaloyeros

    b.    Percoco

**Answer Interrogatory 4.** Plaintiff objects to this interrogatory as it is overly broad, vague and is unlikely to reveal any admissible or material evidence or information. There is no party or witness to this action who is named "Kaloyeros" or "Percoco" and as such, this interrogatory calls for wholly irrelevant and unrelated information.

4

**PLEASE TAKE NOTICE** that Plaintiff reserves the right to amend and/or supplement these responses upon the completion of discovery and up to and including the time of trial.

Dated: January 17, 2017

O'CONNELL & ARONOWITZ

By: _____
Scott W. Iseman
Bar Roll No.: 518859
*Attorneys for Plaintiff*
54 State Street, 9th Floor
Albany, NY  12207-2501
(518) 462-5601

TO:     Stuart Pierson, Esq.
        *Counsel for Defendant*
        Suite 705
        1101 17th Street NW
        Washington, DC 20036

        Richard Morvillo, Esq.
        Ellen Murphy, Esq.
        *Counsel for Defendant*
        500 5th Avenue
        43rd Floor
        New York, NY 10110

        Kenneth Alweis, Esq.
        *Counsel for Defendant*
        Goldberg Segalia
        5786 Widewaters Parkway
        Syracuse, NY 13214-1840

CC:     Anthony F. Copani, Esq.

## VERIFICATION

STATE OF NEW YORK    )
                          ) ss:
COUNTY OF ONANDAGA  )

**SEAN GROOMS** being duly sworn, deposes and says that deponent is the Chief Financial Officer for Plaintiff in this action and that he has read the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORIES** and knows the contents thereof, that the same is true to the knowledge of deponent, except as to the matters therein stated to be alleged upon information and belief and as to those matters he believes them to be true.

 

_____
Sean Grooms

Sworn to before me this
í M day of January, 2017.

_____
Notary Public-State of New York

BARBARA SESSLER
Notary Public, State of New York
Qualified in Onon. Co. No. 01SE6038278
My Commission Expires March 06, 20 í 8

6

**COR Development Company, LLC v. Howe**
**Civil Action No. 5:16-cv-1099**

**Defendant's Letter Motion to Compel**

**Exhibit 5**
**Howe Requests for Production[1]; COR Objections and Responses**

---

[1] Howe incorrectly designated Plaintiff in title.

# IN THE UNITED STATES DISRICT COURT
# FOR THE NORTHERN DISTRICT OF
# NEW YORK

COR DEVELOPMENT COMPANY, LLC,

    Plaintiff,

       v.

TODD R. HOWE,

    Defendant.

Civil Action No. 5:16-cv-1099
(TJM/TWD)

## PLAINTIFF HOWE'S FIRST REQUEST FOR PRODUCTION
## TO PLAINTIFF COR

To:  Counsel for Plaintiff COR Development Company, LLC
       Scott Iseman, Esq.
       O'Connell and Aronowitz
       54 State Street
       Albany, NY  12207
       siseman@oalaw.com

       Anthony Copani, Esq.
       Mannion Copani
       224 Harrison Street
       Suite 306
       Syracuse, NY 13202
       acopani@mannioncopani.com

Pursuant to Federal Rule of Civil Procedure 34, and procedures of this Court,

Defendant Todd R. Howe, by counsel, serves upon Plaintiff, COR Development Company,

LLC, the following requests for production of documents, each of which shall be answered in

writing and by production to the undersigned of the requested materials within 30 days of the

DEFENDANT HOWE RFP TO PLAINTIFF COR - 1

service hereof. A WORD copy of these requests is included for the respondent's use.

## Instructions

1.  Each request shall be construed to include documents (as defined herein) within plaintiff's possession, custody, or control, including custody of counsel, as of the date of the response. These requests are continuing, and therefore include responsive documents received after the plaintiff's response is served, to be produced by supplemental response within a reasonable time of receipt.

2.  Please restate each request immediately preceding each separate response.

3.  If you assert privilege as a ground for not fully responding to any request, please either: (a) provide a privilege log, or (b) describe the factual basis for your claim of privilege in sufficient detail to determine the validity of the privilege claimed, including a statement of the date of the document, the type of document (e.g., letter, memo, contract, email, text, spreadsheet), a relevant summary of its content, and any known author and recipient.

4.  If the response to any request consists in whole or in part of an objection, please state the specific basis for the objection.

5.  Please provide all responsive documents, including hardcopy, electronic and email documents in electronic format on CD or DVD. For all documents, please provide document-level searchable text, all fielded data, and meta-data in Concordance load file (DAT and OPT) accompanied by control-numbered, single page TIFF images representing each page of production.

7.  This request for production covers documents created or obtained in the period January 1, 2011 to date.

## Definitions

DEFENDANT HOWE RFP TO PLAINTIFF COR - 2

1.    "Action" refers to this action.

2.    "Complaint" means the Complaint filed by COR.

3.    "Howe" means defendant Todd R. Howe.

4.    "COR" means plaintiff COR Development Company, LLC.

5.    "S. Aeillo" means Steven F. Aeillo, founder of COR.

6.    "Girardi" means Joseph Gerardi, General Counsel of COR.

7.    "Percoco" means Joseph Percoco, formerly an assistant to New York Governor Andrew Cuomo.

8.    "WHO" means the Albany, NY law firm of Whiteman Osterman & Hannah, LLP.

9.    "WOHGS" means the government advisory firm associated with WHO and managed by Howe.

10.    "SUNY Poly" means SUNY Polytechnic Institute, the public institution of higher learning that is part of the New York State University system.

11.    "Fort Schuyler" means Fort Schuyler Management Corporation, an affiliate of SUNY Poly.

12.    "Kaloyeros" means Alain Kaloyeros, formerly associated with SUNY Poly.

13.    "Nano" means the SUNY Poly institution, the College of Nanoscale Science and Engineering, formerly directed by Kaloyeros.

14.    "Syracuse RFP" means the request for proposal or qualifications issued by Fort Schuyler for a strategic partner for a development project in Syracuse, NY, issued in 2013.

15.    "Communication" means transmission of any verbal, data, written,

DEFENDANT HOWE RFP TO PLAINTIFF COR - 3

electronic, stored content, or material capable of expressing substantive information.

16.    "Document" means any handwritten, typewritten, printed, transcribed, transmitted, stored, digitized, electronically recorded, taped, graphic, machine readable, stored, or other material that conveys or represents information in any form or nature. "Document" includes without limitation any tangible, digitized or other electronic data or thing on which information is recorded by writing, graphics, sound, picture, electronics, or other means, and any revisions of or notes on any of the foregoing and any supporting, underlying or preparatory material, irrespective of form. "Document" expressly includes any data or electronic material recording emails, texts or any other form of communication.

## Requests for Production

Please produce all documents referring in any manner to:

1. COR's purported support for each of the nine numbered paragraphs of the Complaint.

2. Any material otherwise relevant to the nine numbered paragraphs of the Complaint.

3. Any agreement with Howe, including without limitation, any agreement to retain Howe, to pay Howe, to make a loan to Howe, or to engage in any transaction or business with Howe.

4. Any transaction with Howe, including without limitation, bonuses, invoices, checks, other forms of payment or compensation, accounting records, ledgers, audits, and other financial documents.

5. Any services to be performed, or having been performed, by Howe.

6. Any plan of action, business strategy, or proposed approach to a goal in which Howe was, or would be, involved.

7. Any efforts by COR, S. Aeillo, or Gerardi, or anyone acting on behalf of any of them, to

DEFENDANT HOWE RFP TO PLAINTIFF COR - 4

collect any loan to Howe, or to collect any alleged Howe obligation.

8. Any loan to Howe.

9. Any payment to Howe.

10. Any payment from Howe.

11. Any communication including or referring to Howe.

12. Any communication referring to WOHGS.

13. Any communication referring to Potomac Strategies.

14. Any communication including Kaloyeros, or S. Aeillo, or Gerardi, or any employee of
    COR, relating in any manner to the Syracuse RFP.

15. Any document referring in any manner to COR vitals or business qualifications.

16. Meetings, conferences, or meals with Kaloyeros, or any person representing Kaloyeros,
    SUNY Poly, or Nano.

17. The Syracuse RFP.

18. Any communications including or referring to Percoco.

19. Any reference to any statements, actions or services by Percoco.

20. Any payments for Percoco.

21. Travel to or from S. Aeillo's residence in Scottsdale, AZ.

22. The Labor Peace Agreement or a labor peace agreement, which was the subject of COR
    concern and was the subject of communication between COR personnel and Percoco in
    November-December 2014.

23. Any New York State position for Steven L. Aiello, son of S. Aiello.

24. Percoco.

25. Howe.

DEFENDANT HOWE RFP TO PLAINTIFF COR - 5

26. Potomac Strategies

27. WOHGS.

28. Nano.

29. SUNY Poly.

30. Kalayeros.

DATED this 16th day of December, 2016.

Respectfully submitted,

Richard J. Morvillo
NY Bar No.
Morvillo LLP
500 5th Avenue
43rd Floor
New York, NY 10110
DC Bar No. 219063
Suite 705
1101 17th Street NW
Washington, DC 20036
202/803-5858
F: 202/775-5937

Ellen Murphy
Richard J. Morvillo
NY Bar No.
Morvillo LLP
500 5th Avenue
43rd Floor
New York, NY 10110
212/796-6344
F: 212/379-2097

Stuart F. Pierson
NY Bar No. 1901388
DC Bar No. 56820
Suite 705
1101 17th Street NW

DEFENDANT HOWE RFP TO PLAINTIFF COR - 6

Washington, DC 20036
202/803-5852
F: 202/609-8044

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

COR DEVELOPMENT COMPANY, LLC,

|  |  |
|---|---|
| *Plaintiff,* | **PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION** |
| -against- | |
| TODD R. HOWE, | |
| *Defendants.* | **Civil Case No. 5:16-CV-1099 (TJM/TWD)** |

Plaintiff, COR DEVELOPMENT COMPANY, LLC, by and through its attorneys, O'Connell and Aronowitz, P.C., responds to the Defendant TODD R. HOWE's Request for Production as follows:

## OBJECTIONS

A.     Plaintiff objects to all demands to the extent they seek information or documents immune from disclosure under the attorney-client privilege, attorney work-product doctrine, or any other privilege, protection, or immunity as provided by law. If such information and/or documents are produced inadvertently despite the presence of a privilege, such production does not constitute a waiver of the aforementioned privileges.

B.     Plaintiff objects to all demands to the extent that they are interpreted to seek disclosure of the opinions, mental impressions, conclusions and legal theories of Plaintiff, its counsel, or its other representatives, or that fall within the work-product doctrine. If such information and/or documents are inadvertently produced, despite the presence of a privilege, such production does not constitute a waiver of the aforementioned privileges.

C.     Plaintiff objects to all demands to the extent they are construed to seek information or documents that are not relevant to the subject matter of this litigation, are not admissible in

1

evidence, or are not reasonably calculated to lead to discovery of admissible evidence. To the extent that Plaintiff responds to such demands, it does not concede that the information or documents requested are relevant to this action and expressly reserves its rights to object to further discovery.

D.      Plaintiff objects to these demands to the extent they seek to impose upon the Plaintiff any obligations that are beyond the scope of the Federal Rules of Civil Procedure.

E.      Plaintiff objects to all demands seeking identification of "all", "every" or "any" facts, language, documents information or persons which may be related to a specific point or points, as being unduly burdensome and not within Plaintiff's practical capabilities. In each case, where some answer or production is provided, such answer or production is based upon all information obtained by a logically-directed, diligent and thorough search of Plaintiff's records.

F.      Plaintiff objects to all demands as unduly burdensome and oppressive insofar as they seek information or documents not within their knowledge, documents already in the knowledge, possession, custody or control of the demanding party, or information or documents that are unreasonably cumulative or duplicative.

G.      Plaintiff objects to all demands to the extent they are overly broad, unduly burdensome, oppressive or premature and thus, not susceptible to being answered at this time.

## RESPONSES

1.      Plaintiff objects to this demand as it is unduly vague and ambiguous. Additionally, this demand calls for privileged information that qualifies as attorney-work product in that Defendant demands Plaintiff to reveal its litigation strategy. Without waiving the preceding objections, but subject to them, all factual information supporting each material allegation of the complaint has been previously disclosed to the Defendant in Plaintiff's initial R. 26(a) disclosures.

2

2.    Plaintiff objects to this demand as it is unduly vague and ambiguous.

3.    All responsive documents have been previously provided to the Defendant in Plaintiff's initial R. 26(a) disclosures.

4.    Plaintiff objects to this demand as it is unduly vague and ambiguous. Additionally, Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action.

5.    Plaintiff objects to this demand as it is unduly vague and ambiguous. Additionally, Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Without waiving the preceding objections, but subject to them, Plaintiff previously disclosed all written retainer/consulting agreements between Plaintiff and Defendant in Plaintiff's R. 26 (a) initial disclosures.

6.    Plaintiff objects to this demand as it is unduly vague and ambiguous. Additionally, Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action.

7.    All responsive records have been previously provided in Plaintiff's R. 26(a) initial disclosure.

8.    All responsive records have been previously provided in Plaintiff's R. 26(a) initial disclosure.

9.    Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Without waiving the preceding objection but subject to it, to the extent this demand calls for information related to the promissory note at issue in this matter, all responsive records have been previously provided in Plaintiff's R. 26(a) initial disclosure.

10.    All records regarding Howe's promise to repay the subject loan and a copy of the check issued by Howe for repayment, have been previously provided in Plaintiff's R. 26(a) initial disclosure.

3

11.   Plaintiff objects to this demand as it is unduly vague, ambiguous and unduly burdensome. Additionally, Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Without waiving the preceding objection, but subject to it, all records of communications with Howe with respect to this action have been previously provided in Plaintiff's R. 26(a) initial disclosure.

12.   Plaintiff objects to this demand as it is unduly vague, ambiguous and unduly burdensome. Additionally, Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action.

13.   Plaintiff objects to this demand as it is unduly vague, ambiguous and unduly burdensome. Additionally, Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Without waiving the preceding objection, but subject to it, all responsive documents and records regarding Potomac Strategies have been previously provided in Plaintiff's R. 26(a) initial disclosure.

14.   Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

15.   Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

16.   Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

17.   Plaintiff cannot respond to his demand as it is vague, ambiguous and fails to make

any kind of specific request. As a result, Plaintiff objects to this demand as it is vague, ambiguous and unduly burdensome.

18.     Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

19.     Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

20.     Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

21.     Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

22.     Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

23.     Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

24.     Plaintiff cannot respond to his demand as it is vague, ambiguous and fails to make any kind of specific request. As a result, Plaintiff objects to this demand as it is vague, ambiguous and unduly burdensome.

25.     Plaintiff cannot respond to his demand as it is vague, ambiguous and fails to make any kind of specific request. As a result, Plaintiff objects to this demand as it is vague, ambiguous and unduly burdensome.

26.     Plaintiff cannot respond to his demand as it is vague, ambiguous and fails to make any kind of specific request. As a result, Plaintiff objects to this demand as it is vague, ambiguous and unduly burdensome.

27.     Plaintiff cannot respond to his demand as it is vague, ambiguous and fails to make any kind of specific request. As a result, Plaintiff objects to this demand as it is vague, ambiguous and unduly burdensome.

28.     Plaintiff cannot respond to his demand as it is vague, ambiguous and fails to make any kind of specific request. As a result, Plaintiff objects to this demand as it is vague, ambiguous and unduly burdensome.

29.     Plaintiff cannot respond to his demand as it is vague, ambiguous and fails to make any kind of specific request. As a result, Plaintiff objects to this demand as it is vague, ambiguous and unduly burdensome.

30.     Plaintiff cannot respond to his demand as it is vague, ambiguous and fails to make any kind of specific request. As a result, Plaintiff objects to this demand as it is vague, ambiguous and unduly burdensome.

**PLEASE TAKE NOTICE** that Plaintiff reserves the right to amend and/or supplement these responses upon the completion of discovery and up to and including the time of trial.

Dated: January 17, 2017

O'CONNELL & ARONOWITZ

By: _____

Scott W. Iseman
Bar Roll No.: 518859
*Attorneys for Plaintiff*
54 State Street, 9th Floor
Albany, NY 12207-2501
(518) 462-5601

TO:      Stuart Pierson, Esq.
*Counsel for Defendant*
Suite 705
1101 17th Street NW
Washington, DC 20036

Richard Morvillo, Esq.
Ellen Murphy, Esq.
*Counsel for Defendant*
500 5th Avenue
43rd Floor
New York, NY 10110

Kenneth Alweis, Esq.
*Counsel for Defendant*
Goldberg Segalia
5786 Widewaters Parkway
Syracuse, NY 13214-1840

CC:      Anthony F. Copani, Esq.