

# O'CONNELL AND ARONOWITZ
### ATTORNEYS AT LAW

May 24, 2017

Hon. Therese W. Dancks
U.S. Magistrate Judge
U.S. District Court
Northern District of New York
Federal Building & U.S. Courthouse
PO BOX 7346
Syracuse, NY 13261-7346

**Re:** COR Development Company, LLC v. Todd R. Howe
Case No.: 5:16-cv-1099 (TJM/TWD)

Dear Judge Dancks:

This letter is Plaintiff's response to Defendant, Todd R. Howe's, motion to compel discovery (Dkt. No. 32) in the above matter. Howe's motion must be denied as Plaintiff has fully complied with every permissible discovery demand and Howe fails to articulate any reason why the information he seeks would lead to the discovery of relevant, admissible evidence.

This case is simple. In 2015 Howe solicited an $85,000 loan from Plaintiff to help remodel his kitchen and Plaintiff loaned Howe the money. Attached as Exhibit "A" are copies of the Promissory Note, Amended Promissory Note and the relevant communications regarding Howe's solicitations. After multiple extensions, Howe failed to repay the loan as promised and an $85,000 check from Howe to satisfy the loan was returned for insufficient funds. *See* Exhibit "B". Up until August 9, 2016, Howe admitted his obligation to repay the loan in an email to Plaintiff stating:

> I am writing to ask if it would be possible to get a 45 day extension on the note that is due tomorrow. I am in the process of securing the funding and need a few weeks more to complete. I would ask that if possible I could pay in full the $85,000 plus additional interest on or before September 30, 2016. This date will give me plenty of time to wrap this is (sic) and get payment back to COR. Again, it would really help me if I could get this extension and settle this ASAP. Please advise, thank you for help. Best, Todd.

The August 9, 2016 email is attached as Exhibit "C" with other communications in which Howe admitted he owed the funds to Plaintiff. Plaintiff did not agree to this extension and commenced this action to recover payment. In the face

EDWARD J. O'CONNELL
1925-1939
SAMUEL E. ARONOWITZ
1925-1973
LEWIS A. ARONOWITZ
1951-1979

CORNELIUS D. MURRAY
FRED B. WANDER
STEPHEN R. COFFEY
JEFFREY J. SHERRIN
THOMAS J. DiNOVO
PAMELA A. NICHOLS
JEFFREY A. SIEGEL
JAMI DURANTE ROGOWSKI
DAVID R. ROSS
KURT E. BRATTEN
MICHAEL P. McDERMOTT
KELLY J. MIKULLITZ
WILLIAM F. BERGLUND
ROBERT J. KOSHGARIAN
MATTHEW J. DORSEY
GEORGE R. SLINGERLAND

OF COUNSEL

RICHARD S. HARROW
MEREDITH H. SAVITT
F. MATTHEW JACKSON
PAULA FEIGENBAUM
KEITH J. ROLAND
ARTHUR A. PASQUARIELLO
CRISTINA D. COMMISSO

ELIZABETH A. CONNOLLY
SCOTT W. ISEMAN
BRITTNAY M. McMAHON
DANIELLE E. HOLLEY
KATHLEEN EVERS BROWN
AMBER L. WRIGHT
MARY T. CONNOLLY
COURTNEY L. ALPERT
KELLAN B. POTTS

CARLA R. WILLIAMS*
(DIRECTOR, HEALTHCARE CONSULTING GROUP)

*NOT A MEMBER OF THE LEGAL PRACTICE

54 STATE STREET • ALBANY, NY 12207 • (p) 518-462-5601 • (f) 518-462-2670
SERVICE BY FAX NOT ACCEPTED.
*With offices in Albany, Latham, New York City, Plattsburgh and Saratoga Springs.*
www.oalaw.com

of Howe's multiple written admissions acknowledging his liability for the loan. Plaintiff requests that the court decline Howe's effort to turn the litigation of a simple failure to repay a loan into a multi-defendant criminal conspiracy that spans all of New York State. This action is about repaying a loan and nothing more.

### Legal Standard:

The critical issue here is whether Howe met his burden to demonstrate that his demands are relevant and therefore discoverable. Within the context of FRCP 26(b), relevance is determined by the claims and the defenses raised in the action. *Lugosch v. Congel*, 218 F.D.R. 41, 45 (N.D.N.Y. 2003). "To be relevant, the request for information must be 'germane' to the subject matter of the claim, defenses or counterclaims." *Id.* citing *In re Surety Asso. of America*, 388 F.2d 412, 414 (2d Cir. 1967). When a party moves to compel production, it has both the burden of establishing relevancy and good cause for the application. *Id.* citing *A.I.A. Holdings S.A. v. Lehman Brothers*, 2000 U.S. Dist. LEXIS 8116 at *3 (S.D.N.Y. June 12, 2000). Here, that burden is Howe's. While broad discovery is permitted, parties cannot abuse their broad right by "roam[ing] in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that might conceivably become so." *Surety Asso. of America*, 388 F.2d at 414. Here, Howe's demands are nothing but "roaming" and his motion fails to show any good cause for why he is entitled to the discovery he seeks or to demonstrate that his demands are germane to this case. We address each of Howe's contested demands below.

### Howe's Interrogatories:

Howe seeks to compel Plaintiff to respond more fully to Interrogatory #2. The Interrogatory, which requests disclosure of the time and place of all meetings between Howe and "S. Aiello" and "Gerardi". Plaintiff's response to Howe's Interrogatories is attached as Exhibit "D". Howe's motion to compel makes no reference to why "all" meetings are relevant except the conclusory and unsubstantiated claim that it furthers his defense of illegality and that Plaintiff disclosed a prior working relationship with Howe. Without any explanation as to why meetings potentially four or five years prior to the execution of the promissory note at issue here are relevant or are reasonably calculated to lead to admissible evidence, Plaintiff should not be compelled to undergo the arduous task of searching through years of records to determine the instances when such meetings occurred when those meetings have nothing to do with the instant dispute.

Plaintiff has fully complied with its obligation by identifying the only meeting that is germane to this action and disclosing the approximate time, date, location and subject matter of

the meeting. Any further attempts to reach back to the years before Howe even solicited the loan, or to topics wholly unrelated to the loan, is purely a phishing operation by Howe and should be denied.

Howe's request to compel additional responses to Interrogatories 3 and 4, where he requests all meetings between "S. Aiello", "Kaloyeros" and "Percoco", is similarly deficient. Indeed, Howe's identification of "Kaloyeros" and "Percoco" demonstrates that there is no connection between this action and "Kaloyeros" and "Percoco". Howe identifies "Kaloyeros" as "Alain Kaloyeros, formerly associated with SUNY Poly" and "Percoco" as "Joseph Percoco, formerly an assistant to New York Governor Andrew Cuomo." Howe's motion to compel, pleadings and discovery responses do not provide any justification for why meetings with Alain Kaloyeros or Joseph Percoco are (a) relevant to this action; (b) relevant to any of Defendant's defenses; or (c) will lead to any other admissible evidence in this action. Neither Alain Kaloyeros nor Joseph Percoco are mentioned in the Complaint, Defendant's Answer, the promissory note, the amended promissory note or in any of Howe's correspondence with Plaintiff where Howe solicits the loan, accepts the terms of the loan and requests additional time to repay the loan. Copies of these emails are included in Exhibits "A" and "C".

Unsurprisingly, Kaloyeros and Percoco are not even mentioned in the engagement letters Howe desperately attempts to leverage for additional discovery. Instead, Howe baselessly argues that discovery into meetings with Kaloyeros and Percoco somehow support his defense of illegality. Yet Howe has not articulated a single fact to link his purported defense to any allegedly illegal conduct. Howe does not make this connection because he cannot.

The best Howe can do is, through counsel, generally claim in his Answer that the loan was illegal "as it was part of an illegal conspiracy to deprive the public of its intangible right to honest services of an employee of the State of New York by soliciting and giving bribes and gratuities". Notably, he does not identify Kaloyeros or Percoco in his Answer. While Howe does provide a copy of a criminal complaint alleging crimes (purportedly orchestrated by Howe) against Aiello, Gerardi, Kaloyeros, Percoco and others, Howe's motion to compel does not connect the two except to retroactively combine a clearly documented loan into a larger allegation of bribes Howe claims he received. Instead, Howe's Answer vaguely alludes to some illegal scheme (known only to Howe) and attempts to latch on to wholly unrelated allegations without asserting a single fact that connects the two issues.

Since Howe cannot articulate a reason why discovery into unrelated events, witnesses and/or parties is relevant to his defense or is reasonably calculated to lead to admissible evidence

on his failure to repay a simple loan, his motion to compel additional discovery with respect to his interrogatories should be denied.

### Howe's Requests for Production:

Howe similarly seeks the court to compel a response to the following requests for production: 4-6, 11, 12 and 14-30. A copy of Howe's Request for Production is attached as Exhibit "E". Like the Interrogatories above, none of these requests are germane to the instant litigation and Howe has failed to provide a relevant nexus between the requests and the issues that are in dispute in this matter. Howe again attempts to leverage the disclosure of engagement letters as a basis to inquire into a seemingly infinite number of transactions, entities, deals and relationships over a limitless period of time. Such requests are not reasonably calculated to lead to admissible evidence, are baseless and must be denied.

Furthermore, the demands are written so generally that Plaintiff lacks the ability to respond in any meaningful way. For example, Howe demands all documents referring to "Percoco"; "Howe"; "Potomac Strategies"; "WOHGS"; "Nano"; "SUNY Poly" "Kaloyeros" and on and on. While these entities and names are identified in the demand, none of the identifications provide any insight into how they are relevant to any of Howe's defenses or how they are reasonably calculated to lead to the discovery of admissible evidence. Just as important, Howe's motion to compel does not make the connection.

While relevancy within the scope of discovery is to be "liberally" interpreted by the court, common sense must also be applied. *Lugosch*, 218 F.D.R. at 46 citing *In re Agent Orange Product Liability Litig.*, 98 F.R.D. 558, 559-60 (E.D.N.Y. 1983). Common sense here demonstrates that Howe's feeble, desperate and ill-conceived attempt to avoid repaying a loan by now claiming the loan is part of one of his many, many crimes, does not comport with the record or with common sense. As a result, Howe's motion to compel should be denied in its entirety.

### Production would cause undue burden:

When viewed in the context of a simple action to recover for a past-due loan, the Court should also note that responding to Howe's expansive and limitless demands is grossly disproportionate to the purpose of this litigation and would cause extreme hardship and an undue burden on Plaintiff. For example, Howe's demands request *all* documents from significant development projects and from entities that have engaged in lengthy business relationships with Plaintiff. After an initial review of the materials that are potentially responsive to Howe's demands, we estimate that well in excess of fifty thousand (50,000) documents, most containing multiple

pages, would have to be reviewed for production. The task of searching for, reviewing and producing such a volume of material is inordinately expensive and burdensome, particularly when viewed in the context of this case where the relevant material totals less than 100 pages.

Moreover, should the Court determine that some of these requests are relevant, Plaintiff would object on the basis of Attorney-Client privilege to many documents from Whitman Osterman and Hanna, attorneys for Plaintiff in a host of matters, and would seek a protective order for the nearly limitless business, financial and internal information sought by Howe.

**Conclusion:**

While Howe's motion to compel demonstrates that he will go to any length to avoid paying a duly owed debt, the Court is not obligated to follow him or permit him to pursue this charade when he has admitted his liability multiple times already. This case is simple: Howe borrowed money, agreed to repay the money and failed to do so. Plaintiff is entitled to repayment as Howe promised. We respectfully request that the Court rightly limit discovery to that issue and deny Howe's motion to compel.

Very truly yours,

O'CONNELL AND ARONOWITZ

By: /s/ Scott W. Iseman

Scott W. Iseman
Bar Roll No. 518859
*Attorneys for Plaintiff*
54 State Street, 9th Floor
Albany, New York 12207-2501
(518) 462-5601

Anthony F. Copani
*Mannion and Copani*
Attorneys for Plaintiff
224 Harrison St. #306
Syracuse, NY 13202

Encl.
cc:    Stuart F. Pierson, Esq. (email)
       Richard J. Morvillo, Esq. (email)