UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

COR DEVELOPMENT COMPANY, LLC,

*Plaintiff,*

-against-

TODD R. HOWE,

*Defendants.*

**PLAINTIFF'S RESPONSE
TO DEFENDANT'S
REQUEST FOR
PRODUCTION**

**Civil Case No. 5:16-CV-1099
(TJM/TWD)**

---

Plaintiff, COR DEVELOPMENT COMPANY, LLC, by and through its attorneys, O'Connell and Aronowitz, P.C., responds to the Defendant TODD R. HOWE's Request for Production as follows:

## OBJECTIONS

A.      Plaintiff objects to all demands to the extent they seek information or documents immune from disclosure under the attorney-client privilege, attorney work-product doctrine, or any other privilege, protection, or immunity as provided by law. If such information and/or documents are produced inadvertently despite the presence of a privilege, such production does not constitute a waiver of the aforementioned privileges.

B.      Plaintiff objects to all demands to the extent that they are interpreted to seek disclosure of the opinions, mental impressions, conclusions and legal theories of Plaintiff, its counsel, or its other representatives, or that fall within the work-product doctrine. If such information and/or documents are inadvertently produced, despite the presence of a privilege, such production does not constitute a waiver of the aforementioned privileges.

C.      Plaintiff objects to all demands to the extent they are construed to seek information or documents that are not relevant to the subject matter of this litigation, are not admissible in

1

evidence, or are not reasonably calculated to lead to discovery of admissible evidence. To the extent that Plaintiff responds to such demands. it does not concede that the information or documents requested are relevant to this action and expressly reserves its rights to object to further discovery.

D.      Plaintiff objects to these demands to the extent they seek to impose upon the Plaintiff any obligations that are beyond the scope of the Federal Rules of Civil Procedure.

E.      Plaintiff objects to all demands seeking identification of "all". "every" or "any" facts. language, documents information or persons which may be related to a specific point or points, as being unduly burdensome and not within Plaintiff's practical capabilities. In each case, where some answer or production is provided. such answer or production is based upon all information obtained by a logically-directed, diligent and thorough search of Plaintiff's records.

F.      Plaintiff objects to all demands as unduly burdensome and oppressive insofar as they seek information or documents not within their knowledge, documents already in the knowledge, possession, custody or control of the demanding party. or information or documents that are unreasonably cumulative or duplicative.

G.      Plaintiff objects to all demands to the extent they are overly broad. unduly burdensome. oppressive or premature and thus. not susceptible to being answered at this time.

## RESPONSES

1.      Plaintiff objects to this demand as it is unduly vague and ambiguous. Additionally, this demand calls for privileged information that qualifies as attorney-work product in that Defendant demands Plaintiff to reveal its litigation strategy. Without waiving the preceding objections. but subject to them. all factual information supporting each material allegation of the complaint has been previously disclosed to the Defendant in Plaintiff's initial R. 26(a) disclosures.

2

2.      Plaintiff objects to this demand as it is unduly vague and ambiguous.

3.      All responsive documents have been previously provided to the Defendant in Plaintiff's initial R. 26(a) disclosures.

4.      Plaintiff objects to this demand as it is unduly vague and ambiguous. Additionally, Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action.

5.      Plaintiff objects to this demand as it is unduly vague and ambiguous. Additionally, Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Without waiving the preceding objections, but subject to them, Plaintiff previously disclosed all written retainer/consulting agreements between Plaintiff and Defendant in Plaintiff's R. 26 (a) initial disclosures.

6.      Plaintiff objects to this demand as it is unduly vague and ambiguous. Additionally, Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action.

7.      All responsive records have been previously provided in Plaintiff's R. 26(a) initial disclosure.

8.      All responsive records have been previously provided in Plaintiff's R. 26(a) initial disclosure.

9.      Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Without waiving the preceding objection but subject to it, to the extent this demand calls for information related to the promissory note at issue in this matter, all responsive records have been previously provided in Plaintiff's R. 26(a) initial disclosure.

10.      All records regarding Howe's promise to repay the subject loan and a copy of the check issued by Howe for repayment, have been previously provided in Plaintiff's R. 26(a) initial disclosure.

3

11.     Plaintiff objects to this demand as it is unduly vague, ambiguous and unduly burdensome. Additionally, Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Without waiving the preceding objection, but subject to it, all records of communications with Howe with respect to this action have been previously provided in Plaintiff's R. 26(a) initial disclosure.

12.     Plaintiff objects to this demand as it is unduly vague, ambiguous and unduly burdensome. Additionally, Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action.

13.     Plaintiff objects to this demand as it is unduly vague, ambiguous and unduly burdensome. Additionally, Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Without waiving the preceding objection, but subject to it, all responsive documents and records regarding Potomac Strategies have been previously provided in Plaintiff's R. 26(a) initial disclosure.

14.     Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

15.     Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

16.     Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

17.     Plaintiff cannot respond to his demand as it is vague, ambiguous and fails to make

any kind of specific request. As a result, Plaintiff objects to this demand as it is vague, ambiguous and unduly burdensome.

18.    Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

19.    Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

20.    Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

21.    Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

22.    Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

23.    Plaintiff objects to this demand as it calls for information that is wholly irrelevant to this action. Plaintiff also objects to this demand as it is vague, ambiguous and unduly burdensome.

24.    Plaintiff cannot respond to his demand as it is vague, ambiguous and fails to make any kind of specific request. As a result, Plaintiff objects to this demand as it is vague, ambiguous and unduly burdensome.

25.     Plaintiff cannot respond to his demand as it is vague, ambiguous and fails to make any kind of specific request. As a result, Plaintiff objects to this demand as it is vague, ambiguous and unduly burdensome.

26.     Plaintiff cannot respond to his demand as it is vague, ambiguous and fails to make any kind of specific request. As a result, Plaintiff objects to this demand as it is vague, ambiguous and unduly burdensome.

27.     Plaintiff cannot respond to his demand as it is vague, ambiguous and fails to make any kind of specific request. As a result, Plaintiff objects to this demand as it is vague, ambiguous and unduly burdensome.

28.     Plaintiff cannot respond to his demand as it is vague, ambiguous and fails to make any kind of specific request. As a result, Plaintiff objects to this demand as it is vague, ambiguous and unduly burdensome.

29.     Plaintiff cannot respond to his demand as it is vague, ambiguous and fails to make any kind of specific request. As a result, Plaintiff objects to this demand as it is vague, ambiguous and unduly burdensome.

30.     Plaintiff cannot respond to his demand as it is vague, ambiguous and fails to make any kind of specific request. As a result, Plaintiff objects to this demand as it is vague, ambiguous and unduly burdensome.

**PLEASE TAKE NOTICE** that Plaintiff reserves the right to amend and/or supplement these responses upon the completion of discovery and up to and including the time of trial.

Dated: January 17, 2017

O'CONNELL & ARONOWITZ

By:

Scott W. Iseman
Bar Roll No.: 518859
*Attorneys for Plaintiff*
54 State Street, 9th Floor
Albany, NY 12207-2501
(518) 462-5601

TO:   Stuart Pierson, Esq.
      *Counsel for Defendant*
      Suite 705
      1101 17th Street NW
      Washington, DC 20036

      Richard Morvillo, Esq.
      Ellen Murphy, Esq.
      *Counsel for Defendant*
      500 5th Avenue
      43rd Floor
      New York, NY 10110

      Kenneth Alweis, Esq.
      *Counsel for Defendant*
      Goldberg Segalia
      5786 Widewaters Parkway
      Syracuse, NY 13214-1840

CC:   Anthony F. Copani, Esq.

7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

COR DEVELOPMENT COMPANY, LLC,

                             *Plaintiff,*

       -against-

TODD R. HOWE,

                             *Defendants.*
_____

**AFFIDAVIT OF SERVICE**

Civil Case No. 5:16-CV-1099
(TJM/TWD)

STATE OF NEW YORK)
             )SS.:
COUNTY OF ALBANY )

        DEBORAH HILL, being duly sworn, deposes and says:

        I am over the age of 18 years. I am not a party to this action and I reside in Albany County, New York.   On January 17th, 2017, I served a true and correct copy of **Plaintiff's Response to Defendant's Request for Production** by depositing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressees as indicated below:

Stuart Pierson, Esq.
*Counsel for Defendant*
Suite 705
1101 17th Street NW
Washington, DC 20036

Richard Morvillo, Esq.
Ellen Murphy, Esq.
*Counsel for Defendant*
500 5th Avenue
43rd Floor
New York, NY 10110

Kenneth Alweis, Esq.
*Counsel for Defendant*
Goldberg Segalia
5786 Widewaters Parkway
Syracuse, NY 13214-1840

                                                       **DEBORAH HILL**

Sworn to me this 17th
day of January 2017.

_____
Notary Public-State of New York

**SCOTT W. ISEMAN**
**Notary Public, State of New York**
Qualified in Saratoga Co. No. 02IS6350742
Commission Expires November 21, 2020

8