# IN THE UNITED STATES DISRICT COURT
# FOR THE NORTHERN DISTRICT OF
# NEW YORK

COR DEVELOPMENT COMPANY, LLC,

    Plaintiff,

v.

TODD R. HOWE,

    Defendant.

Civil Action No. 5:16-cv-1099 (TJM/TWD)

## PLAINTIFF HOWE'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF COR

To: Counsel for Plaintiff COR Development Company, LLC
    Scott Iseman, Esq.
    O'Connell and Aronowitz
    54 State Street
    Albany, NY 12207
    siseman@oalaw.com

    Anthony Copani, Esq.
    Mannion Copani
    224 Harrison Street
    Suite 306
    Syracuse, NY 13202
    acopani@mannioncopani.com

Pursuant to Federal Rule of Civil Procedure 34, and procedures of this Court, Defendant Todd R. Howe, by counsel, serves upon Plaintiff, COR Development Company, LLC, the following requests for production of documents, each of which shall be answered in writing and by production to the undersigned of the requested materials within 30 days of the

service hereof. A WORD copy of these requests is included for the respondent's use.

## Instructions

1. Each request shall be construed to include documents (as defined herein) within plaintiff's possession, custody, or control, including custody of counsel, as of the date of the response. These requests are continuing, and therefore include responsive documents received after the plaintiff's response is served, to be produced by supplemental response within a reasonable time of receipt.

2. Please restate each request immediately preceding each separate response.

3. If you assert privilege as a ground for not fully responding to any request, please either: (a) provide a privilege log, or (b) describe the factual basis for your claim of privilege in sufficient detail to determine the validity of the privilege claimed, including a statement of the date of the document, the type of document (e.g., letter, memo, contract, email, text, spreadsheet), a relevant summary of its content, and any known author and recipient.

4. If the response to any request consists in whole or in part of an objection, please state the specific basis for the objection.

5. Please provide all responsive documents, including hardcopy, electronic and email documents in electronic format on CD or DVD. For all documents, please provide document-level searchable text, all fielded data, and meta-data in Concordance load file (DAT and OPT) accompanied by control-numbered, single page TIFF images representing each page of production.

7. This request for production covers documents created or obtained in the period January 1, 2011 to date.

## Definitions

1. "Action" refers to this action.

2. "Complaint" means the Complaint filed by COR.

3. "Howe" means defendant Todd R. Howe.

4. "COR" means plaintiff COR Development Company, LLC.

5. "S. Aeillo" means Steven F. Aeillo, founder of COR.

6. "Girardi" means Joseph Gerardi, General Counsel of COR.

7. "Percoco" means Joseph Percoco, formerly an assistant to New York Governor Andrew Cuomo.

8. "WHO" means the Albany, NY law firm of Whiteman Osterman & Hannah, LLP.

9. "WOHGS" means the government advisory firm associated with WHO and managed by Howe.

10. "SUNY Poly" means SUNY Polytechnic Institute, the public institution of higher learning that is part of the New York State University system.

11. "Fort Schuyler" means Fort Schuyler Management Corporation, an affiliate of SUNY Poly.

12. "Kaloyeros" means Alain Kaloyeros, formerly associated with SUNY Poly.

13. "Nano" means the SUNY Poly institution, the College of Nanoscale Science and Engineering, formerly directed by Kaloyeros.

14. "Syracuse RFP" means the request for proposal or qualifications issued by Fort Schuyler for a strategic partner for a development project in Syracuse, NY, issued in 2013.

15. "Communication" means transmission of any verbal, data, written,

electronic, stored content, or material capable of expressing substantive information.

16. "Document" means any handwritten, typewritten, printed, transcribed, transmitted, stored, digitized, electronically recorded, taped, graphic, machine readable, stored, or other material that conveys or represents information in any form or nature. "Document" includes without limitation any tangible, digitized or other electronic data or thing on which information is recorded by writing, graphics, sound, picture, electronics, or other means, and any revisions of or notes on any of the foregoing and any supporting, underlying or preparatory material, irrespective of form. "Document" expressly includes any data or electronic material recording emails, texts or any other form of communication.

## Requests for Production

Please produce all documents referring in any manner to:

1. COR's purported support for each of the nine numbered paragraphs of the Complaint.
2. Any material otherwise relevant to the nine numbered paragraphs of the Complaint.
3. Any agreement with Howe, including without limitation, any agreement to retain Howe, to pay Howe, to make a loan to Howe, or to engage in any transaction or business with Howe.
4. Any transaction with Howe, including without limitation, bonuses, invoices, checks, other forms of payment or compensation, accounting records, ledgers, audits, and other financial documents.
5. Any services to be performed, or having been performed, by Howe.
6. Any plan of action, business strategy, or proposed approach to a goal in which Howe was, or would be, involved.
7. Any efforts by COR, S. Aeillo, or Gerardi, or anyone acting on behalf of any of them, to

collect any loan to Howe, or to collect any alleged Howe obligation.

8. Any loan to Howe.

9. Any payment to Howe.

10. Any payment from Howe.

11. Any communication including or referring to Howe.

12. Any communication referring to WOHGS.

13. Any communication referring to Potomac Strategies.

14. Any communication including Kaloyeros, or S. Aeillo, or Gerardi, or any employee of COR, relating in any manner to the Syracuse RFP.

15. Any document referring in any manner to COR vitals or business qualifications.

16. Meetings, conferences, or meals with Kaloyeros, or any person representing Kaloyeros, SUNY Poly, or Nano.

17. The Syracuse RFP.

18. Any communications including or referring to Percoco.

19. Any reference to any statements, actions or services by Percoco.

20. Any payments for Percoco.

21. Travel to or from S. Aeillo's residence in Scottsdale, AZ.

22. The Labor Peace Agreement or a labor peace agreement, which was the subject of COR concern and was the subject of communication between COR personnel and Percoco in November-December 2014.

23. Any New York State position for Steven L. Aiello, son of S. Aiello.

24. Percoco.

25. Howe.

26. Potomac Strategies

27. WOHGS.

28. Nano.

29. SUNY Poly.

30. Kalayeros.

DATED this 16th day of December, 2016.

Respectfully submitted,

Richard J. Morvillo
NY Bar No.
Morvillo LLP
500 5th Avenue
43rd Floor
New York, NY 10110
DC Bar No. 219063
Suite 705
1101 17th Street NW
Washington, DC 20036
202/803-5858
F: 202/775-5937

Ellen Murphy
Richard J. Morvillo
NY Bar No.
Morvillo LLP
500 5th Avenue
43rd Floor
New York, NY 10110
212/796-6344
F: 212/379-2097

Stuart F. Pierson
NY Bar No. 1901388
DC Bar No. 56820
Suite 705
1101 17th Street NW

Washington, DC 20036
202/803-5852
F: 202/609-8044